THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC ROBERTS, | Case No. C09-1119-JCC |
| Plaintiff, | ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION; and DIRECTOR OF WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 26) and the State of Washington Department of Social and Health Services' Response (Dkt. No. 35). This matter also comes before the court on the State of Washington's Motion for Summary Judgment (Dkt. No. 28) and the Commissioner of the Social Security Administration's Motion to Dismiss (Dkt. No. 33), to which there has been no timely reply. Having thoroughly considered the parties' briefing, supporting materials, and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Defendants' Motions (Dkt. No. 28, 33), DENIES Plaintiff's Motion (Dkt. No. 26), and DISMISSES this case, for the reasons explained herein.

ORDER
PAGE - 1

## I.  BACKGROUND

Eric Roberts, proceeding pro se, is eligible to receive Title II and Title XVI monthly Social Security benefits, as he has been determined to have been afflicted with a disability since February 2, 2002. However, the State of Washington has withheld or garnished certain of those benefits. First, the State used some of his benefits to reimburse itself for the interim period when his Social Security eligibility determination was pending—an arrangement to which Roberts agreed. Second, the State has garnished his benefits to pay current and past-due child support obligations. Roberts has three minor children and is currently over $78,000 in arrears on those obligations. Plaintiff alleges that the garnishment of his federal Social Security and disability benefits by the State of Washington is unlawful under 42 U.S.C § 407(a), 42 U.S.C. § 1985(3), and 42 U.S.C. § 1983.

The Court denied Plaintiff's motion for a preliminary injunction on October 23, 2009, finding that Roberts had failed to prove that he was either likely to prevail on the merits or raise a serious question of law. (Order 7 (Dkt. No. 15).) The Court observed several grave flaws in Plaintiff's arguments, including that (1) the State is statutorily authorized to withhold certain Social Security benefits to pay Roberts's child support; (2) the *Rooker-Feldman* doctrine divested the Court of subject-matter jurisdiction over some of Plaintiff's other claims, and (3) the Eleventh Amendment may bar Plaintiff's suit against the State. (*Id.* at 3–7.) The State has now filed a motion for summary judgment, echoing all of these issues and pointing out other problems in Plaintiff's theory of recovery. (DSHS Mot. (Dkt. No. 28).) The Social Security Administration's representative has filed a motion to dismiss based on improper service of process and failure to state a claim, for the reasons stated in the Court's prior Order. (SSA Mot. (Dkt. No. 33).) Although Roberts filed a motion for summary judgment himself, that motion raises no new issues of law that would call the Court's prior reasoning into question, nor does it point out any new basis for granting relief. (Pl.'s Mot. (Dkt. Nos. 26, 27).) Plaintiff did not respond to either Defendant's dispositive motion.

ORDER
PAGE - 2

## II. DISCUSSION

Plaintiff has failed to address the host of issues raised by the Court in its Order, the State Department of Social and Health Services' motion for summary judgment, and the Social Security Administration's motion to dismiss. The Court takes this silence to be an admission that the many arguments why his case must be dismissed have merit. Local Rules W.D. Wash. CR 7(b)(2). Plaintiff has not contested, for example, that this Court lacks subject-matter jurisdiction to proceed under the *Rooker-Feldman* doctrine, that the Eleventh Amendment renders Washington State immune from suit, or that he improperly served the Commissioner of the Social Security Administration under Federal Rule of Civil Procedure 4(i) and (m). All of these flaws are fatal to his case, and Plaintiff—pro se or not—had a duty to address the arguments, which he did not honor.

Even construing his pro se papers liberally, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), the only case that Plaintiff discusses—and which he says is "on point"—is not favorable to his position, although he egregiously misstates that case's conclusion.[1] *Wash. State Dep't of Soc. & Health Svcs. v. Keffeler*, 537 U.S. 371, 375 (2003) (Washington State's use of social security benefits received in its capacity as a "representative payee" of foster care children, in order to reimburse itself for some of its initial expenditures on those children's behalf, did not violate 42 U.S.C § 407). (*See* Dkt. No. 27 at 2.) Plaintiff makes vague allegations about a "conflict of interest" and "the State being reimbursed twice for services it only provides once," but he has misstated the facts, failed to support his contentions with proper documentation, cites no case that would render the State's actions here unlawful, and otherwise provides no

---

[1] Plaintiff somehow concludes that *Keffeler* stands for the proposition that the state *cannot* reassign benefits, which the Court finds to be a serious misreading of that case. Although the State cannot directly compel a beneficiary to pay Social Security benefits over to the state, the State may designate a self-reimbursing representative payee to reimburse itself for child support costs. *Keffeler*, 537 U.S. at 392.

ORDER
PAGE - 3

evidence that the State overstepped its bounds—and the State provided ample documentation and argument that support the actions it took.

The Court finds it unnecessary to discuss the issues in this case further. Plaintiff has utterly failed to carry his burden and resist summary judgment, because he has failed to make a showing sufficient to establish the existence of an element essential to his case, and on which he would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). For all of the substantive reasons discussed in the Court's prior Order (Dkt. No. 15) and the State's Motion for Summary Judgment (Dkt. No. 28), Plaintiff's case is fatally flawed: the Court has no jurisdiction to order some of the relief he seeks, and Defendant's actions were plainly otherwise lawful. Nor has Plaintiff properly resisted the Commissioner's meritorious argument that it was improperly served with process. This matter accordingly must be dismissed.

## III. CONCLUSION

For the foregoing reasons, the two Defendants' Motions for Summary Judgment and to Dismiss (Dkt. No. 28, 33) are GRANTED. Plaintiff's Motion for Summary Judgment (Dkt. No. 26) is DENIED. This matter is DISMISSED with prejudice.

DATED this 30th day of April, 2010.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4